UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FREEMAN IRBY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:15 CV 86 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Freeman Irby, a *pro se* prisoner, filed this habeas corpus petition challenging the prison disciplinary hearing (ISP 14-10-033) that was held at the Indiana State Prison on November 1, 2014. The Disciplinary Hearing Body (DHB) found him guilty of being a Habitual Rule Violator in violation of B-200 and sanctioned him with the loss of 30 days earned credit time. Irby raises two grounds in his petition.

First, he argues that it was a due process violation for him to have been screened by the same officer who wrote the conduct report. "An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff v. McDonnell*, 418 U.S. 539, 571 (1974). However, the screening officer is not the decisionmaker. The screening officer is merely the person who notifies the inmate of the charges and asks what if any evidence he wants to present. (*See* DE #1 at 4.) Here, it was Officer A. Boyd who wrote the Conduct Report and the Screening Report. (DE #1 at 4-5. However, it was Officer N. Rodriguez who conducted the Disciplinary Hearing. (DE #1 at 9.) This did not violate due process and Ground One is not a basis for habeas corpus relief.

Second, Irby argues that he was denied a continuance of his disciplinary hearing. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given 24 hour advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance: "*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the court of appeals not to add to the procedures required by *Wolf*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Here, Irby was notified of the charges against him on October 18, 2014. (DE #1 at 4.) On October 22, 2014, the hearing was postponed due to "Staff heavy work load." (DE #1 at 7.) On November 1, 2014, Irby's request for a continuance was denied. (DE #1 at 8.) The hearing was held that same day. (DE #1 at 9.) Irby's hearing could have been held the day after he was notified of the charges. However it was not conducted for two weeks. Irby had adequate notice and time to prepare for the hearing. Therefore, Ground Two is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. This case is **DISMISSED**.

**SO ORDERED.**

Date: July 21, 2015

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT